IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALDEV SINGH MANN,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC H. HOLDER, JR., United States Attorney General, JANET NAPOLITANO, Secretary of Homeland Security, and JONATHAN CRAWFORD, Field Office Director for the Citizenship & Immigration Services Fresno Sub Office,<br><br>    Defendants. | 1:12-CV-1926 AWI BAM<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 13) |

    This is an immigration dispute between Plaintiff Baldev Singh Mann ("Mann") and Defendants. Mann has brought suit under the Administrative Procedures Act ("APA") 5 U.S.C. § 702, and the Declaratory Judgment Act 28 U.S.C. § 2201. Essentially, Mann challenges the denial of his I-485 application for adjustment of status. Defendants move to dismiss the complaint as moot because Mann was deported to India in December 2012. For the reasons that follow, Defendants' motion to dismiss will be denied.

## **BACKGROUND**

    From the Complaint, Mann is a native and citizen of India. In September 1990, Mann was paroled into the United States upon his attempted entry. Mann was later ordered excluded in absentia in 1991, but he moved to reopen the exclusion order in 1994. At that time, Mann

applied for asylum and the withholding of removal.  This relief was denied.  The order of exclusion became final in August 1998, when the Board of Immigration Appeals affirmed an Immigration Judge's decision/denial.  Instead of departing the United States, Mann sought to adjust his status through his wife and daughter, who are both United States citizens.

In July 2012, Mann filed an I-485 application for adjustment of status based on an approved I-130 visa petition that had been filed by Mann's daughter.  On November 19, 2012, the United States Citizenship and Immigration Services ("CIS") denied Mann's I-485 application.  The basis for the denial was that Mann was statutorily ineligible for an adjustment of status pursuant to 8 U.S.C. § 1182(a)(6)(C)(i), which pertains to material misrepresentations by an alien.  CIS found that § 1182(a)(6)(C)(i) was violated because the agency was unable to determine Mann's identity, Mann had submitted an application that contained false information, and Mann had submitted an affidavit that contained false information.[1]

On November 27, 2012, Mann filed this lawsuit.

On December 6, 2012, Mann was removed from the United States to India pursuant to the 1998 final order of exclusion.

**LEGAL FRAMEWORK**

Federal Rules of Civil Procedure 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction.  See Fed. R. Civ. Pro. 12(b)(1).  It is a fundamental precept that federal courts are courts of limited jurisdiction.  Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).  Limits upon federal jurisdiction must not be disregarded or evaded.  Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vacek, 447 F.3d at 1250.  Rule 12(b)(1) motions may be either facial, where the inquiry is

---

[1] The identity issue was based on a birth certificate that listed the name "Balev Singh," but Mann had stated under oath that his true legal name was "Balev Singh Mann."  The false information in an application involved Mann's I-589 asylum application, in which he said that he entered the United States in October 1990 without inspection, but in fact he entered the United States on September 3, 1990 in Los Angeles.  Finally, the false information in a declaration involved Mann declaring that he had entered the United States in 1985.

confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage v. Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Wolfe, 392 F.3d at 362; Meyer, 373 F.3d at 1039. However, courts do not accept the truth of legal conclusions merely because they are cast in the form of factual allegations. Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Meyer, 373 F.3d at 1039; Savage, 343 F.3d at 1039 n.2. The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. Wood v. City of San Diego, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011).

## DEFENDANTS' MOTION

*Defendants' Argument*

Defendants argue that Mann is attempting to obtain an adjustment of status through 8 U.S.C. § 1255. Adjustment of status through § 1255 is limited to aliens who are physically present in the United States. Because Mann has been deported to India, he is no longer physically present in the United States, and thus, is ineligible for an adjustment under § 1255. Further, by regulation, the deportation results in a deemed abandonment of Mann's I-485 application. Defendants do not dispute that the Court would otherwise have jurisdiction to review the adjustment of status application. However, Mann's deportation has mooted this case because the Court cannot adjust Mann's status.

In reply, Defendants argue that Mann can only demonstrate speculative and attenuated consequences that could flow from CIS's § 1182(a)(6)(C)(i) determination. Mann faces a 10-year ban as a result of his deportation. After the 10 year ban expires, Mann then will be subject

to the § 1182(a)(6)(C)(i) lifetime ban.  Further, after 10 years, it is unknown if there will be additional impediments to admission, it is unknown whether Mann's wife or daughter will be willing to sponsor him, and Mann's wife or daughter may later fit within the § 1182(i) exception to § 1182(a)(6)(C)(i)'s lifetime ban.  The possibility that Mann may be able to meet the § 1182(i) exception means that he may not suffer a lifetime ban at all.

### *Plaintiff's Opposition*

Mann argues that this case is not moot, despite his deportation.  Mann concedes that his I-485 application is deemed abandoned.  However, Mann still has a personal stake in this litigation because there are concrete collateral consequences that flow from CIS's determination that, under 8 U.S.C. § 1182(a)(6)(C)(i), he is ineligible for adjustment of status.  The invocation of § 1182(a)(6)(C)(i) renders Mann inadmissible to the United States for the rest of his life, unless he receives a special waiver under 8 U.S.C. § 1182(i).  To receive a § 1182(i) waiver, Mann must have a United States citizen spouse or parent who would suffer an extreme hardship from Mann's exclusion.  Mann does not have such a relative.  Thus, Mann argues that he faces the collateral consequence of permanent exclusion from the United States.  If the Court concludes that the § 1182(a)(6)(C)(i) determination was erroneous as a matter of law, Mann would no longer be permanently excluded and could obtain an immigrant visa in the future.

### *Legal Standard*

Mootness is a jurisdictional issue.  Blandino-Medina v. Holder, 712 F.3d 1338, 1342 (9th Cir. 2013).  "An action is moot if it has lost its character as a present, live controversy."  Forest Guardians v. Johanns, 450 F.3d 455, 461 (9th Cir. 2006).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005).  "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."  Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008).  "A moot case cannot be revived by alleged future harm that is so remote and speculative that there is not tangible prejudice to the existing interests of the parties."  Doe v. Reed, 697 F.3d 1235, 1239 (9th Cir. 2012).  In the immigration context, an alien who has

already been removed can satisfy the case-or-controversy requirement by: (1) raising a direct challenge to the removal order; or (2) demonstrating concrete collateral consequences from the removal that may be successfully redressed by the lawsuit. See Blandino-Medina, 712 F.3d at 1342; Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007).

*Discussion*

As an initial matter, Mann does not challenge the 1998 order of exclusion, nor does he challenge his actual deportation. Mann concedes that, given his December 2012 deportation, his I-485 application is deemed abandoned. Mann's opposition indicates that there remains concrete collateral consequences to him based on CIS's finding that he made misrepresentations prescribed by § 1182(a)(6)(C)(i). It is the validity of this finding alone that is allegedly not mooted by the deportation.

Section 1182(a)(6)(C)(i) reads: "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act is inadmissible." 8 U.S.C. 1182(a)(6)(C)(i). Courts have indicated that § 1182(a)(6)(C)(i) creates a permanent ban to admission into the United States. See Pauliukoniene v. Holder, 496 Fed. Appx. 657, 659-60 (7th Cir. 2012); United States v. Albwul, 406 Fed. Appx. 132, 133 (9th Cir. 2010); Ymeri v. Ashcroft, 387 F.3d 12, 18 n.3 (1st Cir. 2004). Courts have held that other portions of § 1182 that create a permanent ban to admission create concrete collateral consequences for purposes of mootness. See Valenzuela-Solari v. Mukasey, 551 F.3d 53, 56 (1st Cir. 2008) (finding the permanent inadmissibility bar of § 1182(a)(6)(C)(ii) to be a sufficient collateral consequence);[2] Tapia-Garcia v. INS, 237 F.3d 1216, 1218 (10th Cir. 2001) (finding that § 1182(a)(9)(A)(ii) created a permanent ban to reentry and was a sufficient collateral consequence);[3] Steele v. Blackman, 236 F.3d 130, 135 n.4 (3d Cir. 2001) (same); see also Perez v. Greiner, 296 F.3d 123, 126 (2d Cir. 2002) (noting the permanent ban in § 1182(a)(9)(A)(ii)

---

[2] Section 1182(a)(6)(C)(ii) states that an alien who falsely claims to be a United States citizen for any purpose or benefit under State or Federal law "is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(ii).

[3] Section 1182(a)(9)(A)(ii) states that an alien convicted of an aggravated felony "is inadmissible." 8 U.S.C. § 1182(a)(9)(A)(ii).

would be a sufficient collateral consequence if additional unrelated impediments to reentry did not exist); cf. Handa v. Clark, 401 F.3d 1129, 1132 & n.2 (9th Cir. 2006) (finding the 10-year inadmissibility bar of § 1182(a)(9)(A)(ii) to be a sufficient collateral consequence). Of particular import, the Seventh Circuit has found that § 1182(a)(6)(C)(i)'s permanent ban against reentry represents a concrete collateral consequence. See Pauliukoniene, 496 Fed. Appx. at 659-60.

In arguing that § 1182(a)(6)(C)(i)'s permanent ban is too attenuated and speculative in this case, Defendants focus on 8 U.S.C. § 1182(a)(9)(A)(ii)'s 10-year ban to admission, which exists independently of § 1182(a)(6)(C)(i). It is true that, because Mann was deported as part of a final order of exclusion, his I-485 application is deemed abandoned and he is subject to a 10-year ban from applying for reentry into the United States. See 8 U.S.C. § 1182(a)(9)(A)(ii); 8 C.F.R. §§ 245.1(a), 245.2(a)(4)(ii)(A); Kalilu v. Mukasey, 548 F.3d 1215, 1218 (9th Cir. 2008). However, Defendants cite no cases in support of their argument that the 10-year ban renders the separate permanent ban too attenuated and speculative.

The Court has found one case from the Second Circuit that addressed a similar issue. In *Perez v. Greiner*, the Second Circuit explained:

> Perez was ordered removed, under 8 U.S.C. § 1231, for entering the United States without inspection. Thus, for a ten-year period he cannot reenter the United States, see 8 U.S.C. § 1182(a)(9)(A)(ii)(I), without permission from the United States Attorney General, see id. subsection (iii). In the absence of any other impediment, Perez could return to the United States after that ten-year period. If, instead, the present conviction for robbery in the second degree stands, Perez will be barred from ever reentering the United States without permission of the United States Attorney General. See 8 U.S.C. § 1182(a)(9)(A)(ii)-(iii). Such a barrier to reentry clearly would suffice to prevent Perez's habeas petition from being mooted.

Perez, 296 F.3d at 125-26.[4]

Section 1182(a)(9)(A)(ii)'s 10-year is subject to waiver by the Attorney General, but it is otherwise finite and determinable. See 8 U.S.C. § 1182(a)(9)(A)(iii); Cordova-Soto v. Holder, 659 F.3d 1029, 1032 (10th Cir. 2012). The permanent ban of § 1182(a)(6)(C)(i) does not have a

---

[4] Perez was attempting to challenge a felony conviction for robbery. See Perez, 296 F.3d at 126. Perez also had a separate and independent conviction for the sale of a controlled substance, and that conviction was never challenged. See id. The Second Circuit ultimately found that Perez was not suffering from collateral consequences because he remained permanently inadmissible due the prior controlled substance offense. See id.; see also Albwul, 406 Fed. Appx. 132, 133 (holding that alien was not suffering collateral consequences where the alien was permanently inadmissible due to two separate and independent bases).

finite and determinable end.  Even after the 10-year ban passes, Mann is still be permanently inadmissible to enter the United States due to operation of § 1182(a)(6)(C)(i).  In the absence of contrary authority, the Court agrees with the observations of *Perez*.  Despite § 1182(a)(9)(A)(ii)'s 10-year ban, the permanent ban of § 1182(a)(6)(C)(i) represents a concrete collateral consequence that is not too attenuated and speculative.  See Perez, 296 F.3d at 125-26.

      Defendants also argue that there are other variables that should be considered, including whether Mann's daughter may still wish to sponsor him, whether Mann could meet the exception of § 1182(i) after 10-years, and whether other impediments to reentry may exist.  Defendants imply that the presence of these variables would make it unnecessary for the Court to address Mann's petition.  The Court is not convinced.

      First, there is nothing to indicate that Mann's daughter would not wish to sponsor him.  Considering the nature of a parent-child relationship, it seems more likely than not that Mann's daughter would continue to attempt to sponsor her father.  Second, as to other impediments that might exist to reentry, Defendants have not identified what those impediments might be.  All that is before the Court is § 1182(a)(9)(A)(ii)'s 10-year ban, which is subject to waiver by the Attorney General, and the § 1182(a)(6)(C)(i) permanent ban which Mann is now challenging.  Finally, as to § 1182(i), that exception generally applies in the limited circumstances of extreme hardship to a United States citizen or lawful permanent resident who is the spouse or parent of the applicant alien.  See 8 U.S.C. § 1182(i);[5] Cervantes-Gonzales v. INS, 244 F.3d 1001, 1004 (9th Cir. 2000).  Mann's opposition indicates that he currently cannot meet the § 1182(i) exception.  It is unknown and a matter of pure speculation whether Mann will ever meet this exception.  What is known is that Mann is subject to the permanent inadmissibility ban now.  See Pauliukoniene, 496 Fed. Appx. at 659-60; Albwul, 406 Fed. Appx. at 133; Ymeri, 387 F.3d at 18

---

[5] In pertinent part, § 1182(i) reads:
"The Attorney General may, in the discretion of the Attorney General, waive the application of clause (i) of subsection (a)(6)(c) in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien or, in the case of a VAWA [Violence Against Women Act] self-petitioner, the alien demonstrates extreme hardship to the alien or the alien's United States citizen, lawful permanent resident, or qualified alien parent or child." 8 U.S.C. § 1182(i)(1).

n.3.  If the Court holds that CIS's § 1182(a)(6)(C)(i) finding was improper, then Mann would not be subject to the permanent reentry bar and would not have to attempt to meet the § 1182(i) exception.  Further, Defendants cite no cases that hold the § 1182(i) exception renders the § 1182(a)(6)(C)(i) permanent ban too attenuated to be a concrete collateral consequence.  In finding that the § 1182(a)(6)(C)(i) permanent ban created a concrete collateral consequence, the Seventh Circuit did not address § 1182(i) or suggest that § 1182(i) would operate to moot a case *per se*.  See Pauliukoniene, 496 Fed. Appx. at 659-60.  Defendants have not adequately shown how these additional considerations moot this case.

In sum, because Mann is subject to the § 1182(a)(6)(C)(i) permanent admissibility ban, Mann continues to suffer a concrete collateral consequence.  Mann's December 2012 deportation does not moot this case.  See Pauliukoniene, 496 Fed. Appx. at 659-60; Valenzuela-Solari, 551 F.3d at 56; Perez, 296 F.3d at 125-26.  Dismissal of this case on the basis of mootness is not appropriate.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss is DENIED; and
2. Defendants shall file a response to Plaintiff's complaint within thirty (30) days of service of this order.

IT IS SO ORDERED.

Dated:   June 11, 2013

SENIOR DISTRICT JUDGE